By the Court.
Van Vorst, J.
The referee has found as facts that there was due and unpaid upon the bond and mortgage when it was assigned to the defendant’s testator, the principal sum of $9,000 with accrued interest to the amount of $782.25 ; that the plaintiff sold and assigned the bond and mortgage, and the interest so *67 due and to grew due therein to the defendant’s testator, and that in consideration of such assignment, the defendant’s testator paid to the plaintiff the principal sum of $9,000, and agreed to pay the plaintiff the arrears of interest owing upon the bond and mortgage, “when the same should be collected.” He further finds that the defendant, after the death of the testator, accepted and received from the owners of the property covered by the mortgage, the principal sum of $9,000, with interest which had accrued subsequent to the assignment, in full satisfaction of the bond and mortgage, and surrendered the same and it was discharged and satisfied of record.
As the accrued interest passed to the defendant’s testator by virtue of the assignment, he in his life-time, and the defendant, as his executrix, after his death, were the only persons who could legally demand and compel payment. Having thus placed his claim in the hands of his assignee as the legal owner, plaintiff could thereafter look only to him for the amount; The consideration for the agreement to pay over the amount was received by the assignee in the assignment itself.
It is urged by the learned counsel for the defendant that this is an action for money had and received, and that, as the money has not been actually collected and received, the plaintiff must fail. The general rule is that an action in such form is only maintainable for money actually received. An exception to this rule however exists where property is received in lieu of money, or is regarded as its equivalent.
By the assignment in question, the assignee was put in possession of the plaintiff’s property, to the extent of the claim for arrears for which he was to account, and the amount of which he was to pay over in money when collected.
Strictly, the plaintiff, as a condition to assigning the mortgage, might have insisted that the assignee should at the time pay the whole amount, including the interest in arrear, in money. This he did not do, but relieved the *68 assignee to the extent of accrued interest from immediate payment. It was clearly the interest of the assignee and his representatives to have collected this money. But she satisfied the mortgage without receiving it. In its nature, the action for money had and received is equitable as well as legal. And the defendant having in the most formal manner, by the satisfaction of the mortgage, acknowledged the receipt of the whole amount, she must, for the purposes of this action, be taken at her word, and must be regarded as having received it.
It is not a good answer to the plaintiff’s demand in this action, that the condition upon which she was to pay the amount has not been fulfilled, because the money has not been actually collected. The condition was substantially fulfilled when, without the plaintiff’s concurrence, she satisfied the mortgage, although she did not exact and receive the whole sum due. Under the evidence, the mortgaged property was an ample security for the whole demand. Nor is it an excuse that upon demand the mortgagor, or those obligated to pay, refused payment, and made some excuse for a failure to comply with the demand. Such refusal or excuse was not communicated to the plaintiff.
From the evidence taken in the case, there was no valid reason for the refusal to pay. The satisfaction was voluntary. By giving away part of the demand, defendant could not defeat her liability for the assigned claim, under her exclusive control, and for which she was accountable. The satisfaction was voluntary, and by it she made complete her liability to the plaintiff for money had and received, and removed the only obstacle in the way of its enforcement. In this view, none of the defendant’s exceptions are well taken, and the judgment is affirmed, with casts.
Sedgwick, Ch. J., and Freedman, J., concurred.